Ilsley, J.
This is an appeal from an interlocutory order, granted by the Court below, in the proceeding instituted therein, by the plaintiff, against the defendant, her husband, for a divorce, a vinculo matrimonii.
. The original petition was filed in the lower Court on the 30th April, 1866, and in this petition no citation seemed to have been issued, nor process thereof ever served upon the plaintiff.
■ On the 21st July, 1866, the plaintiff filed a supplemental petition, which, with a citation, but without any copy of' the original petition, was served on the defendant on the 23d July, 1866.
. In this supplemental petition the plaintiff alleges, that the clerk had neglected to include in the order granted upon her original petition certain things for which she had prayed, and which she again asks for, and upon this supplemental petition, unsupported by any proof, the Court rendered an ecc parte order, decreeing the plaintiff as the wife of the defendant, the care and custody of their minor children, and condemning the defendant to pay to the plaintiff a monthly alimony of one hundred dollars, commencing 1st April, 1866. This order was signed on the 21st July, 1866, and became an interlocutory judgment against the defendant.
It is contended by the defendant that the order appealed from, summarily separating his children from him, and condemning him to pay a large alimony, rendered ex parte, before he had judicial notice of the plaintiff’s proceedings, the original and most important of which he still remains judicially ignorant of, was illegal and improvident, and should be rescinded.
*506 By the 5th section of an “act relative to divorce,” approved Marhh 14th, 1855, page 377, it is enacted: “That the action for divorce shall be accompanied with the same provisional proceedings to’ which a suit for separation of bed and board may give rise, and agreeably to the Arts. ■144, 145, 146, 147 and 148 of the Civil Code.” ’ ¡
Now, by Article 144 of the Civil Code, it is provided: “If there are" children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be' granted'-to the husband, whéther plaintiff or defendant, unless there’ are strong • reasons to deprive him of it, either in whole or in part, the decision whereof is left to the discretion of the Judge.”
And by Article 146, C. C., it is provided: “ If the wife has not a sufficient income for her maintenance during the suit for separation, the Judge shall allow her a sum for her support, proportioned to the means of the husband.” So that, under these Articles of the Civil Code, 144 and 146, the. question arises, whether the husband, who has the first legal, right to claim the provisional keeping of his children whilst the suit lasts, unless there are strong reasons to deprive him of it, either in whole or hq part, and who is only bound to furnish alimony to his wife during the pendency of the suit for divorce, if his wife has not a sufficient income for her máintenance, and then only in proportion to his means, is to be affected by an exporte decree, and without any opportunity being granted him to assert his legal rights, and to make his defence on these important matters, and that, too, without any proof of the facts upon which the discretion of the Judge is to be exercised.
: ■■ To state this proposition, is to decide it. In Bernard v. Vignaud, 1 N. S: 9, this Court said: “ To condemn, without first hearing a defendant, or giving Turn an opportunity to be heard, is contrary to all principles oij équity and-law: '• Therefore, a judgment rendered against a person without citing him in the ordinary manner, without his appearing, or anything deemed equivalent to- citation, or appearance, is utterly void, and imports such absolute nullity, that any one the least interested in opposing its effects, may’have such nullity pronounced.” 6 L. 577, and 9 An. 496; and in Fletcher v. Henley, 13 An. 151, which was a case similar in one particular, as to alimony, to the one now under consideration—this doctrine was recognized and applied.
We hold-that in all cases where the Judge is to use his legal discretion, in deciding upon a certain state of facts, he can only exercise that discretion, and decide after those facts are judicially made known to him; that is, by legal proof.
As the interlocutory order in this case was granted entirely ex parte, and without legal notice of the proceeding to obtain it having been communicated, in any legal manner to the defendant, and without any proof of the facts, the judicial knowledge of which was essential to the exercise of a sound, legal discretion on the part of the Judge, and the order would work an irreparable injury to the defendant,
It is therefore ordered, adjudged and decreed, that the interlocutory order, signed by the Judge of the lower Court on the 21st July, 1866, be, and the same is hereby annulled and rescinded, at the costs of the' appellee^